Mrs. Joyce Ann Ferry CHAHOC, widow of Ralph Leon Chahoc, individually and for the use and benefit of her minor children, Melody Sue Chahoc and Pamala Jury Ann Chahoc, Plaintiff-Appellant,

v.

HUNT SHIPYARD, a Division of Hunt Tool Co., and Insurance Company of North America, Defendants-Appellees.

No. 29764
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 18, 1970.

Rehearing Denied Oct. 15, 1970.

* ■ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

The Law Offices of Steven R. Plotkin, Owen J. Bradley, New Orleans, La., for plaintiff-appellant.

Thomas W. Thorne, Jr., New Orleans, La., for Hunt Shipyard, and others; Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., of counsel.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Ralph Chahoc was injured while employed by Hunt Shipyard in its Drydock No. 4 making repairs to Ingram Contractor, Inc.'s Dredge No. 4. He died after bringing suit below and his wife was substituted as plaintiff, individually and for the benefit of two minor children of the couple.

Chahoc, with three co-workers was carrying a heavy steel knuckle plate across the dry dock deck to be welded to the dredge when he slipped and fell, receiving severe injuries. The suit seeking recovery in addition to that allowed under the Longshoremen's and Harbor Workers' Compensation Act, asserted a "Yaka" seaman's [1] claim by alleging that Chahoc's injuries and subsequent death were caused by mud on the deck, resulting from the unseaworthy condition of the dry dock and the employer's negligence, contending that the dry dock was an employer-owned vessel. The court below granted the motion for summary judgment of Hunt Shipyard and its insurer, Insurance Company of North America, relying upon our decision in Atkins v. Greenville Shipbuilding Corporation, 5 Cir. 1969, 411 F.2d 279, cert. denied 396 U.S. 846, 90 S.Ct. 105, 24 L.Ed.2d 96 (1969), for the proposition that, as a matter of law, a floating dry dock is not a "vessel" when it is moored and in use as a dry dock.

We accept as correct appellant's contention that a floating dry dock may under some circumstances be a vessel.[2] Nevertheless we conclude that under the circumstances here as under those present in Atkins, supra, the equipment in question was not a vessel while moored to the bank and operated as a dry dock.

It therefore becomes unnecessary for us to determine the existence vel non of the other elements requisite to recovery under Reed v. Yaka: (a) whether Chahoc was doing work traditionally performed by seamen and (b) whether there are present here the factors which compelled the Supreme Court to ignore the

---

1. Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 488 (1963).

2. See United States v. Moran Towing and Transportation Company, 4 Cir. 1967, 374 F.2d 656, 663, holding "we conclude that this floating dry dock while unmoored and under tow was within the Wreck Act * * *".

literal language of the Longshoremen's and Harbor Workers' Compensation Act in *Yaka*. Further, we are not disposed to reverse *Atkins*, as appellant suggests.

We find no error in the granting of summary judgment by the district court.

Affirmed.